UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


EMR, INC.                                                                    CIVIL ACTION

VERSUS                                                                       NO: 12–2695

DOUGHERTY SPRAGUE ENVIRONMENTAL, INC.          SECTION "H"(3)


ORDER AND REASONS

Before the Court is a Motion for Default Judgment (R. Doc. 10).  For the following reasons, the Motion is GRANTED.


BACKGROUND

This is a civil action for breach of contract.  Plaintiff EMR, Inc. ("EMR") is an environmental contractor that provides emergency management services.  EMR contracted with Defendant Dougherty Sprague Environmental, Inc. ("Dougherty") to provide a safety monitor in connection with Dougherty's work on BP's Vessel Decontamination Project.  EMR issued twelve invoices

1

pursuant to the contract, none of which Dougherty has paid. The total amount due and owing is $81,852.06.

EMR subsequently filed suit to collect the outstanding invoices. Despite being served with the complaint, Dougherty failed to answer or otherwise respond. Upon motion of EMR, the clerk of court entered default. EMR now moves for default judgment.

**LEGAL STANDARD**

Rule 55(a) requires the clerk of court to enter default against a party that has failed to plead or otherwise respond to the plaintiff's complaint. Fed. R. Civ. P. 55(a). Once the clerk has entered default, the plaintiff may move for default judgment. *See* Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a sum certain and the defendant has not appeared in court and is neither a minor nor an incompetent, the motion may be directed to the clerk of court. Fed. R. Civ. P. 55(b)(1). "In all other cases," the motion must be filed with the district court. Fed. R. Civ. P. 55(b)(2). The district court may not enter default judgment without a hearing unless the sum claimed is liquidated or capable of mathematical calculation. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). In adjudicating the instant Motion, the Court is mindful that "[d]efault judgments are a drastic remedy" and should only be entered in "extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).

**LAW AND ANALYSIS**

Before entering default judgment, the Fifth Circuit has admonished district courts to examine the basis of jurisdiction "both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). In accordance with this mandate, the Court first examines jurisdiction.

I.   Jurisdiction

Subject matter jurisdiction in this case is premised upon diversity of citizenship. The Court may not exercise diversity jurisdiction unless the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As explained more fully below, both of these requirements are met.

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A corporation is deemed a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). EMR alleges that it is a Washington corporation with its principal place of business in Kansas. EMR further alleges that Dougherty is a Texas corporation with its principal place of business in Texas. Accepting these allegations as true,[1] EMR is a citizen of Washington and Kansas, and Dougherty is

---

[1] Once default has been entered, a plaintiff's well-pleaded allegations are deemed admitted. *See Nishimatsu Constr. Co., LTD. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

3

a citizen of Texas. Thus, the parties are completely diverse. Moreover, the amount in controversy clearly exceeds $75,000.

The Court may also exercise jurisdiction over the parties. Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state; and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause." *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *see also* La. Rev. Stat. § 13:3201.

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

A defendant's contacts with the forum state are sufficient to establish specific jurisdiction

when the defendant has purposely directed its activities toward the forum state and the controversy arises out of or is related to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). EMR's cause of action against Dougherty arises out of a contract, the material performance of which occurred in Louisiana. Furthermore, the Court finds that exercising personal jurisdiction over Dougherty would be neither unfair nor unjust. Accordingly, personal jurisdiction is clear. *See Gross v. RSJ Int'l, LLC*, No. 11–73, 2012 WL 729955, at *2–3 (E.D. La. Mar. 6, 2012) (finding personal jurisdiction in substantially similar circumstances).

II.     Breach of Contract

In this diversity case, Louisiana substantive law applies, including its principles of contract interpretation. *Bayou Steel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 642 F.3d 506, 509 (5th Cir. 2011). "According to the Louisiana Civil Code, '[i]nterpretation of a contract is the determination of the common intent of the parties.'" *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (quoting La. Civ. Code art. 2045). In probing this intent, a court looks first to the four corners of the contract. *See Ortego v. State, Dept. of Transp. & Dev.*, 689 So. 2d 1358, 1363 (La. 1997). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. Whether a contract is clear or ambiguous is a question of law. *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 590 (La. 2007).

The contract's provisions with respect to payment are clear and unambiguous. They require

5

Dougherty to pay for services rendered no later than 45 days after receiving an invoice.  If Dougherty objects to the invoice, it must notify EMR in writing within 10 days of receipt.

EMR submitted 12 invoices pursuant to the contract, each of which Dougherty has failed to pay.  Moreover, Dougherty did not object to any of the invoices.  Given the foregoing, Dougherty has clearly breached its contract with EMR and is liable for the total amount invoiced: $81,852.06.

III.     Entry of Default Judgment

Having verified jurisdiction and finding that Dougherty is liable to EMR, the remaining issue is whether entry of default judgment is appropriate.  Judgment by default is warranted "when the adversary process has been halted because of an essentially unresponsive party" thereby making impossible the "just, speedy, and inexpensive disposition of [a] case[] on [its] merits."  *See Sun Bank*, 874 F.2d at 276.  This lawsuit has been pending for approximately eighteen months.  The record does not reveal any excuse for Dougherty's failure to defend the lawsuit or appear in court.  Accordingly, the Court will enter default judgment.

**CONCLUSION**

For the reasons previously stated, the Motion is GRANTED. The Court will enter judgment against Dougherty and in favor of EMR in the amount of $81,852.06, plus interest at the rate provided in Louisiana Revised Statute section 9:3500B(1). Post-judgment interest will accrue at the federal rate. *See Enhanced La. Capital v. Brent Homes,* No. 12–2409, 2013 WL 5428687, at *4 (E.D. La. June 6, 2013)*.*

New Orleans, Louisiana, this 19th day of May, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

7